No. 16,400.

WHITAKER ET AL. *v.* HEARNSBERGER ET AL.
(233 P. [2d] 389)

Decided May 21, 1951. Rehearing denied June 11, 1951.

Mr. STEVENS PARK KINNEY, for plaintiffs in error.

Mr. WILLIAM H. SCOFIELD, for defendants in error.

*En Banc.*

MR. JUSTICE STONE delivered the opinion of the court.

PLAINTIFFS in error Whitaker purchased a residence property from defendants in error Hearnsberger in October 1948 for $15,000, of which $12,000 was paid by their promissory note payable in monthly installments of not less than $90 each, including interest, due on the 5th day of each month. Narce Whitaker was a Colonel in the United States Army and the property was occupied by the Whitakers as a home. Having notice of their future transfer by the military authorities to the Philippine Islands, Whitakers listed the property for sale with Marguerite P. Hearnsberger, who was a licensed real-estate dealer, on July 9, 1949, but no prospective buyers were presented. Upon being transferred to the Philippines on September 24, 1949, Whitakers left no forwarding address, but placed their interests in the hands of their attorney who here represents them. The attorney notified Mrs. Hearnsberger at once of that representation and on October 9, when her listing expired, he advised her that if no sale had then been made, he would let other realtors attempt to sell the property. Thereupon Hearnsbergers promptly sold their mortgage note, as they testified, at $1,000 discount and on small down payment to defendant Garnett, although they had been on the point of offering Whitakers $1,000 for their equity a few days before. Garnett immediately took the note to the attorney who here represents him, for foreclosure, although there had been no substantial default

in any payment, except the last, and that was only fourteen days overdue. Upon notice sent to the last known place of residence of Whitakers, but without other attempt of notifying them or their attorney, the deed of trust was foreclosed in usual course by the public trustee. Under Rule 120 R.C.P. Colo., order was entered by the district court authorizing sale.

After learning of the pending foreclosure sale, Whitakers' attorney brought the present suit. In the complaint it is alleged in substance, inter alia, that Whitakers reside in the Philippine Islands; that they are the owners of the property in controversy; that they have made all payments as due on the deed of trust owned by Hearnsbergers; that payments due thereon for October and November had been mailed by them to Hearnsbergers from the Philippine Islands; that the purported assignment of the deed of trust from Hearnsbergers to Garnett was made without consideration for the sole purpose of foreclosure and with intent to defraud; that the parties defendant, except the public trustee, entered into a conspiracy to foreclose the deed of trust without knowledge of, or notice to, Whitakers, and withheld information from the court in filing the application for order authorizing foreclosure, with knowledge that the attorney for Whitakers was acting as agent for them, and that notice could or should have been given him and demand for payment made of him if payment had not been received; that Whitakers had been damaged by said conspiracy in the sum of $10,000; that said defendants had been guilty of reckless, wanton and willful disregard of the rights and safety of Whitakers; that the foreclosure was improperly brought and was not a legal foreclosure; that the application for order of sale therein was a fraud on the court, and that plaintiffs tendered into court a sum equalling the October, November and December payments, which already had been made. This was followed by prayer for every conceivable type of relief.

On application to the court, temporary restraining

548

order was granted, but later, on hearing before another judge, it was set aside and the action was dismissed.

The matter is presented to us with meager abstract of record, and on a brief containing neither summary of the argument, nor separate statement of points intended to be urged. If we follow the contentions correctly, they are, (1) that the foreclosure through the public trustee was not a valid foreclosure for the reason that there was failure to comply with the requirements of Rule 120, R.C.P. Colo., in that the court was not properly advised as to the status of Whitaker as a member of the armed forces, and failure to comply with the provisions of the Federal Soldiers and Sailors Civil Relief Act of 1940; and (2), that the issue of conspiracy should have been submitted for determination to a jury. Noncompliance with other rules is alleged, but those rules relate to court proceedings, not to sales by the public trustee under power given in the deed of trust.

The provisions of Rule 120 are predicated upon the requirements of the Soldiers and Sailors Civil Relief Act, and the rule was adopted for the purpose of establishing a procedure for compliance therewith. That act by its plain provisions does not prevent the foreclosure of security for any obligation pursuant to a written agreement of the parties executed during the period of military service, as was here the case.

There is here no contention that notice was not given as required by Rule 120, and if, as now urged, full information with regard to Whitaker's known military service and residence was not disclosed to the court in the motion and hearing under Rule 120, nevertheless, full disclosure was made in the complaint in this action, as well as at the hearings for injunction therein, and the trial court after full inquiry denied relief. In view of the fact that Whitakers had ample advance notice of their transfer to the Philippines, with full opportunity to leave forwarding address and make any needed arrangements for payments on their note, and with no

suggestion of financial handicap or necessary delay in making such payments as a result of the transfer, we cannot think the court abused its discretion therein.

Whether or not the court might require the acceptance of payment tendered after default, in the event the obligors were not negligent and made prompt tender upon learning of default taken, we may not here consider; for, notwithstanding the repeated assertions to the contrary in the pleadings and brief, there is no showing whatever in the record that payments were actually made or tendered, even after their due date, except the hearsay statement of Attorney Kenney that he was told by Colonel Whitaker on the telephone "that the checks in payment of the payments which were then due had been mailed." No deposition or other showing to support this hearsay evidence was offered and it was challenged by the unqualified denial by the holders of the note of receipt of any such payments. Further, notwithstanding the proposed tender of payment in the complaint, no such tender is disclosed.

 As to the bona fides of the assignment of the note, from Hearnsbergers to Garnett, we may not be concerned. Whether the assignment was for full consideration or whether it was merely assignment of the naked legal title to the note for the purpose of enforcement, because of some sense of embarrassment on the part of Hearnsbergers in being connected with such hasty foreclosure against this officer called for distant service, is immaterial. There can be no conspiracy, unless the purpose to be effected is unlawful or a lawful purpose is accomplished by unlawful means. Prompt assertion of legal right, even if avaricious, is not unlawful, and no evidence of conspiracy is disclosed by the complaint.

The judgment of the trial court is affirmed.

MR. JUSTICE HOLLAND dissents.