## No. 19,739.

CHERRY CREEK REALTY, INC. *v.* JOSEPH AMTER, ET AL.

(368 P. [2d] 787)

Decided February 13, 1962.

Mr. FRED J. PFERDESTELLER, Mr. FRED W. VONDY, for plaintiff in error.

Messrs. MASON, REULER and PEEK, for defendants in error.

*En Banc.*

MR. JUSTICE HALL delivered the opinion of the Court.

THE parties appear here in the same order as in the trial court. We refer to them as plaintiff and defendants, or by name.

On March 16, 1960, plaintiff filed its amended complaint in which it sets forth four alleged claims seeking judgment against all defendants for $3,300.00.

All defendants, within the time allowed for answer or other pleading, filed motions to dismiss for the reason that the amended complaint does not state a claim upon which relief can be granted.

Argument was had on these motions on December 5, 1960. On December 6, 1960, the court entered an order dismissing plaintiff's amended complaint, directed the plaintiff to reimburse the defendants for their costs expended, and ordered that "a motion for re-hearing be and hereby is dispensed with."

The plaintiff is here by writ of error seeking reversal.

The only question presented for review is the correctness of the judgment of dismissal based on the finding that the complaint fails to state a claim.

The FIRST CLAIM:

In substance plaintiff alleges that it is a corporation licensed and qualified to engage in the business of real estate broker; that one Mary L. Roller, herein referred

to as Roller, was the president of the plaintiff and a licensed real estate broker; that prior to December 24, 1958, the defendants, Irving and Margaret Pasternak, herein referred to as the Pasternaks, owned certain described real property in Denver; that prior to May 6, 1958, the Pasternaks listed said real property for sale with the defendant Carlile-Koelbel, herein referred to as Carlile, licensed real estate brokers; that Carlile caused a "for sale" sign to be placed on the property and solicited other brokers to present prospective purchasers for the property "pursuant to the customs and usages of the real estate profession"; that pursuant to said listing Roller contacted Carlile and made inquiry as to the price and terms and: " * * * ascertained that the customary division of sales commissions between brokers would be made with regard to prospects presented by her who might purchase the property, and the fact that the employment by CARLILE-KOELBEL had not expired"; that Roller contacted defendant, Amter, and advised him that: " * * * she knew of a property which was available for purchase by him suited to his needs and desires"; that Amter: " * * * is familiar with the laws, customs and usages extended to the real estate profession in and about the City and County of Denver and State of Colorado"; that Amter agreed that plaintiff: " * * * would represent him with regard to the purchase of said property and would receive compensation in accordance with said laws, customs, and usages."

It is further alleged that Roller then notified Amter of the location of the property and terms of sale; that thereafter Amter, on various occasions, contacted Roller "and made appointments for himself and his relatives to examine the premises"; that thereafter at a time and place unknown to plaintiff, or Roller, and without notice to them, Pasternaks conveyed the property to the defendants Samuel and Sara Berezin, herein referred to as

the Berezins; that Samuel Berezin is the brother-in-law and Sara Berezin the sister of Amter, and the conveyance to Berezins "was a ruse and the beneficial and actual ownership of the property is in Amter," who "has entered upon and occupied the premises and asserts ownership of the same"; that the conveyance to Berezins: " * * * was purported by the Defendants and all of them, acting in concert, for the purpose of depriving the Plaintiff of its commission for the sale of the premises"; that plaintiff by reason of the wrongful acts has been damaged in the sum of $3,300.00; that demand has been made upon defendants for payment of the damages and all defendants have failed and refused to pay the same.

Plaintiff demands judgment for the above sum against the Pasternaks, Amter and the Berezins, jointly and severally.

There is nothing in this complaint to indicate any dealings whatsoever between the plaintiff and Pasternaks. Pasternaks listed their property with Carlile, not with plaintiff. If plaintiff is seeking to share in a realtor's commission, she is limited to asserting her claim against Carlile, the party with whom she alleges she had an agreement for division of the commission.

There is nothing in this complaint to indicate that plaintiff had any dealings whatsoever with, or even knew, the Berezins. They had a right to buy Pasternaks' home, taking the property off the market. Berezins being the brother-in-law and sister of Amter does not *ipso facto* make them answerable for his alleged machinations.

We find nothing in this complaint whereby Amter is indebted to plaintiff. Amter is charged with being familiar with "the laws, customs and usages extended to the real estate profession," and it is alleged he "agreed that the plaintiff * * * would represent him with regard to the purchase of said property and would receive

compensation in accordance with said laws, customs, and usages."

It is to be noted that there is no allegation that plaintiff would do anything for Amter; there is no allegation that Amter would pay anything, only an agreement that plaintiff would receive compensation in accordance with (1) law, (2) customs, and (3) usages. We know of no law providing for compensation from Amter, a prospective purchaser, in a situation such as we have here. If plaintiff's claim is grounded on custom or usage, it is necessary that the same be defined at least to the extent of pleading the legal effect thereof.

Plaintiff's FIRST CLAIM is wholly inadequate to show the plaintiff entitled to any relief against any defendant.

For its SECOND CLAIM plaintiff incorporates and makes a part thereof all of the allegations of its FIRST CLAIM and further alleges: that by reason of the sale as aforesaid Carlile became liable to plaintiff in the sum of $3,300.00, and that demand for same has been denied. Plaintiff demands judgment against Carlile-Koelbel only for this $3,300.00.

Plaintiff's claim against Carlile is predicated on its allegation in its FIRST CLAIM, that if it presented prospects who purchased the property it would share in Carlile's commission. We find no allegation that plaintiff ever presented a prospect, much less one to whom a sale was made, nor do we find any allegation that Carlile ever earned or received a commission. This claim was properly dismissed.

For its THIRD CLAIM plaintiff incorporates in and makes a part thereof all of the allegations of its FIRST CLAIM, and further alleges that: subsequent to the commencement of this action Carlile presented to plaintiff a copy of a written agreement dated January 15, 1958, wherein Pasternaks listed said premises with Carlile for sale, for seventy-five days from the date

thereof; that defendants and all of them are now estopped from asserting that the listing had expired when plaintiff showed the premises to Amter. There is no allegation in this THIRD CLAIM that plaintiff suffered any damages as the result of the alleged acts leading up to the alleged estoppel; however, in the prayer of plaintiff's complaint, plaintiff does ask for judgment in the amount of $3,300.00 against all defendants, jointly and severally, on said THIRD CLAIM.

█ The only new element presented in this complaint is that Carlile, after this action was commenced, showed plaintiff a listing dated January 15, 1958, and that by reason thereof all defendants are estopped from asserting that the listing had expired when the plaintiff showed the premises to Amter. This really adds nothing to the other claims. The fact, if it be a fact, that all defendants are estopped from asserting that there was no listing for a specific period does not warrant plaintiff's conclusion that therefore all defendants owe plaintiff $3,300.00. The trial court properly dismissed this claim.

For its FOURTH CLAIM, plaintiff incorporates and makes a part thereof all of the allegations of its FIRST CLAIM and paragraph 2 of its THIRD CLAIM, and further alleges that when Roller "called the Defendant CARLILE," its agent responding to such call represented to her that Carlile had a valid existing listing from Pasternaks and failed to inform her that its listing had expired on April 2, 1958; that said representation of an unexpired listing was false and by it known to be false, and this was a material fact and known to be such and was wrongfully withheld; that plaintiff relied upon this representation and exhibited the property to "its prospective purchaser [Amter] and his relatives" and exerted its efforts toward a sale of the property which was thereafter effected as above stated; that plaintiff has been damaged in the sum of $3,300.00 in the prem-

ises. Plaintiff demands judgment for this amount from all defendants, jointly and severally.

This FOURTH CLAIM does not say anything concerning the liability of Pasternaks, Berezins, or Amter that is not said in its FIRST CLAIM, and we have held that those matters do not state a claim against any of those defendants in .the FIRST CLAIM, and they are equally ineffective when repeated in this FOURTH CLAIM.

 In this FOURTH CLAIM it is charged that Carlile misrepresented the facts when it told Roller it had a valid listing and failed to advise her that such listing had expired. Even so, no damage is shown for the very simple reason that nowhere in the complaint is there an allegation that plaintiff produced a buyer for the property. Dismissal of plaintiff's FOURTH CLAIM was proper.

Reviewing this complaint, we find nothing to indicate that plaintiff had any dealings whatsoever with the Pasternaks or the Berezins — how they could be answerable to plaintiff remains obscure.

There is nothing in the complaint to indicate that plaintiff ever did anything for Amter — according to plaintiff's statements it was helping Carlile to sell Pasternaks' house. It affirmatively appears that neither found a buyer for the house — commissions are paid for achievement, not effort.

As to plaintiff's complaint against Carlile, it only claims to be entitled to a portion of the commission earned by Carlile in the event of a sale to plaintiff's prospect. There is no statement that plaintiff supplied the prospect, no allegation that Carlile made the sale or received a commission.

For pronouncements of this court touching on realtors' rights to commissions and divisions thereof, we call attention to the following decisions which point to the correctness of the judgment of dismissal entered by the trial court: *Whitaker v. Hearnsberger,* 123 Colo. 545,

233 P. (2d) 389; *Fistell v. Thomas,* 144 Colo. 94, 355 P. (2d) 105, and cases therein referred to.

The judgment is affirmed.

MR. JUSTICE MOORE and MR. JUSTICE MCWILLIAMS not participating.