596 P.2d 1220 (1979)
In the Matter of the ESTATE of the Sol BROOKS Irrevocable Trust No. 1.
In re Sam B. LUSTIG, Plaintiff-Appellant,
v.
FIRST NATIONAL BANK OF DENVER, and Marcia B. Lustig, Trustees of The Sol Brooks Irrevocable Trust No. 1, Marcia B. Lustig and Robert Appel, Individually, and Ann Heidi Lustig, Merle Ada Lustig, and Brooke Sydney I. Lustig, Beneficiaries, Defendants-Appellees.
No. 77-798.
Colorado Court of Appeals, Div. II.
April 5, 1979.
Rehearing Denied April 26, 1979.
Feder & Morris, P. C., Harold A. Feder, Denver, for plaintiff-appellant.
Hughes & Dorsey, Thomas R. Walker, Denver, for defendant-appellee First National Bank of Denver.
*1221 Kenneth C. Groves, Denver, for defendant-appellee Marcia B. Lustig.
Wood, Ris & Hames, P. C., Eugene S. Hames, Denver, for defendant-appellee Robert Appel.
No appearance for defendants-appellees Ann Heidi Lustig, Merle Ada Lustig and Brooke Sydney I. Lustig.
SILVERSTEIN, Chief Judge.
Plaintiff appeals the order of the probate court dismissing his first amended complaint and confirming dismissal of his original complaint for failure to state a claim for relief. We affirm.
In reviewing the dismissal of a complaint for failure to state a claim for relief, the material allegations of the complaint must be taken as true and admitted. Cook v. Denver, 128 Colo. 578, 265 P.2d 700 (1954); Nelson v. Nelson, 31 Colo.App. 63, 497 P.2d 1284 (1972). However, this rule does not apply to conclusions of the pleader. International State Bank v. Trinidad Bean & Elevator Co., 79 Colo. 286, 245 P. 489 (1926).
The complaint states that in 1951 Sol Brooks established a trust under which the beneficiaries were plaintiff, Sam Lustig, and the defendants Marcia, Ann, Merle, and Brooke Lustig. Marcia, the daughter of the settlor, was married to Sam. Ann, Merle, and Brooke are the children of Sam and Marcia. Defendant, The First National Bank of Denver, and Marcia were named as co-trustees of the trust.
The trust provided that the income was to be paid at least quarter-annually "in the sole and absolute discretion of my corporate Trustee, and without its being required to observe any rule of equality to any one or more of the beneficiaries." Prior to 1970 only small amounts of income were distributed, the bulk of the income being used to pay off a mortgage on the trust res. From 1970 to the date this action was commenced, approximately $8,000 to $10,000 was distributed annually to Marcia, and $4,000 to $5,000 to each of the children. No income was distributed to Sam. However, the income to Marcia was deposited in a joint checking account in the names of Sam and Marcia.
Shortly before the commencement of the present action, Sam and Marcia were divorced. Sam alleges it was during the pendency of the divorce proceedings that he first learned that he was a named beneficiary of the trust. He asserts that the co-trustees breached their duty to him in failing to notify him that he was a beneficiary, in failing to provide him with annual accountings, and in failing to exercise sound discretion in not distributing any of the income to him. He bases his claim on the failure of the corporate trustee, despite demands, to pay him "the amounts to which he is entitled under the Trust."

I.
Although a trust agreement gives a trustee absolute discretion in making distributions, the exercise of that discretion is subject to review by the courts. Mulcahy v. Johnson, 80 Colo. 499, 252 P. 816 (1927). However, the court cannot change the terms of the trust, In re Cosgrave's Will, 225 Minn. 443, 31 N.W.2d 20, 1 A.L.R.2d 175 (1948); and it will interfere only when a trustee's discretion has been arbitrarily or capriciously exercised. Mesler v. Holly, 318 So.2d 530 (Fla.Dist.Ct.App.1975).
One who claims a right to distribution must establish that he has a right to receive a share of the distribution. Here the trustee was expressly directed that it need not distribute equally to any one or more of the beneficiaries. It is a general rule that under this type of discretionary clause, a beneficiary has no absolute right to any distribution, Hamilton v. Drogo, 241 N.Y. 401, 150 N.E. 496 (1926), and the trustee cannot be compelled to distribute to any particular member of the class. Morrow v. Apple, 26 F.2d 543 (1928).
As stated in In re Cosgrave's Will, supra:
"The primary function of the court in exercising jurisdiction over trusts is to preserve them and to secure their administration according to their terms. Just as the court lacks power to remake a will, *1222 it also lacks the power to remake a trust. It cannot take from one beneficiary and give to another; it cannot change the rights of the beneficiaries inter se by enlarging the rights of some at the expense of others."
See Heinneman v. Colorado College, 150 Colo. 515, 374 P.2d 695 (1962). Here the distributions were made according to the terms of the trust, and, contrary to the conclusions of plaintiff, the facts alleged do not disclose any basis for a determination that the trustee abused its discretion in the distribution of the income.

II.
Plaintiff also asserts the trustees breached a duty owed to him by failing to notify him that he was a beneficiary, and by failing to give him annual accountings. He relies on § 15-16-303, C.R.S.1973. However, that section was amended, § 15-16-303(2), C.R.S.1973 (1978 Cum.Supp.), and as amended, is inapplicable to the subject trust because it requires notification only to beneficiaries of trusts which were created on or after July 1, 1975. Further, § 15-16-303(4), C.R.S.1973, requires that annual accountings be provided only after a reasonable request is made therefor. There was no requirement in the trust for notification or accounting to the beneficiaries. Also plaintiff has not alleged any damages arising from the failure to be given accountings. Hence, no claim for relief exists by virtue of these allegations.

III.
Inasmuch as we have determined that there was no violation of the terms of the trust, plaintiff's claims based on fraud and conspiracy must also fail. Since none of the plaintiff's "rights" were violated, he has suffered no actionable damage. "Liability for fraud cannot be established without first establishing the existence of damages." Greenleaf, Inc. v. Manco Chemical Co., Inc., 30 Colo.App. 367, 492 P.2d 889 (1971); Morrison v. Goodspeed, 100 Colo. 470, 68 P.2d 458 (1937).
Likewise, the acts of the corporate trustee not being unlawful, there can be no conspiracy. Whitaker v. Hearnsberger, 123 Colo. 545, 233 P.2d 389 (1951); Morrison v. Goodspeed, supra. And, again, as above stated, no actionable damages accrued to plaintiff from the acts of the trustee, and without damages no action for conspiracy will lie. Lockwood Grader Corp. v. Bockhaus, 129 Colo. 339, 270 P.2d 193 (1954).

IV.
Plaintiff claims that defendant Appel, as attorney for the trustees, violated his duties. This claim is without merit since plaintiff does not allege any facts which disclose any duty owed by the attorney to plaintiff, and without a duty there can be no breach. Further, assuming, as we must, that the attorney performed all of the acts complained of, such actions only establish that the attorney was acting in pursuance of his attorney-client relationship with Marcia and the bank, and do not establish any fraud or malice, without which there is no liability to a third party. Weigel v. Hardesty, 37 Colo.App. 541, 549 P.2d 1335 (1976).

V.
We find plaintiff's other assertions of error to be without merit.
Judgment affirmed.
ENOCH and KELLY, JJ., concur.