In re the **MARRIAGE OF** Patricia L. JONES, Appellee,

and

**David Jones, Appellant.**

No. 88CA0561.

Colorado Court of Appeals,
Div. IV.

Nov. 16, 1989.

Rehearing Denied Jan. 4, 1990.

Certiorari Granted June 11, 1990.

Mygatt & Bratun, Juliana J. Bratun, Boulder, for appellee.

Barry D. Roseman, Denver, for appellant.

Opinion by Judge HUME.

David Jones (husband) appeals the property distribution portion of a judgment dissolving his marriage to Patricia L. Jones (wife). We affirm in part, reverse in part, and remand with directions.

During the parties' eleven-year marriage, the wife became the beneficiary of a testamentary trust created under the will of her deceased mother. The will named the wife and her father as primary beneficiaries of the trust and designated wife's father and a bank as co-trustees. The trustees are granted absolute discretion to distribute as

much of the trust income and principal as necessary for the support and maintenance of the primary beneficiaries "without the necessity of equalization or proration among them" and with no "obligation to the ultimate beneficiaries to accumulate income or to preserve the principal." Upon termination of the trust, the remaining corpus is to be distributed to the wife's living descendants, or if no descendants are then living, to the deceased mother's heirs at law.

During the parties' marriage, the wife received trust income of approximately $38,000. Wife testified that most of this income was used to renovate and make mortgage payments on the residence in which the parties lived.

The residence was purchased by the wife's father in June 1981 for $138,500. Thereafter, it was extensively remodeled, and both husband and wife performed a substantial amount of the physical work involved in the remodeling.

In March 1983, after the renovation was largely completed, wife's father deeded the property to the wife as her sole and separate property. The evidence establishes that the property was then worth between $160,000 to $177,000. From March 1983 to July 30, 1987, when the decree of dissolution was entered, the residence appreciated in value by an additional $15,000.

The parties stipulated that the trust corpus of which wife is a beneficiary appreciated in value by approximately $45,000 during the marriage, in addition to the $38,000 in income distributions made to the wife.

The trial court valued the marital estate at $55,000, excluding both the increase in principal in the testamentary trust and the appreciation in value of the wife's residence prior to March 1983, when wife's father conveyed title to her. The trial court then apportioned one-half the marital assets to each party.

## I.

■ Husband first contends that the trial court erred in not treating the apprecia-

tion in the trust corpus as marital property subject to division. We find no error.

This issue was decided adversely to the husband's position in *In re Marriage of Rosenblum*, 43 Colo.App. 144, 602 P.2d 892 (1979). In *Rosenblum*, we observed that the beneficiary of a discretionary support trust has no legal or equitable right to control, consume, alienate, or otherwise dispose of the trust corpus. *See* 2 A. Scott, *Trusts* § 128.3 (Fratcher 4th ed. 1987). We therefore held that a spouse's beneficial interest in a discretionary trust has none of the attributes of "property" as that term is used in § 14–10–113, C.R.S. (1987 Repl.Vol. 6B).

Here, the discretionary trust was created for the benefit of two or more individuals without a division of interests. Under these circumstances, the beneficial interest is a collectively held expectancy, and neither a voluntary alienee nor a creditor of any individual beneficiary can compel the trustee to pay over to him any principal or income. *See In re Estate of Brooks*, 42 Colo.App. 333, 596 P.2d 1220 (1979). Thus, our holding in *Rosenblum* is directly applicable to the facts here.

The husband argues, however, that *Rosenblum* is no longer controlling precedent in view of more recent decisions holding that a spouse's vested but contingent interest in an employee retirement plan constitutes marital property that is subject to equitable distribution. *See In re Marriage of Gallo*, 752 P.2d 47 (Colo.1988); *In re Marriage of Grubb*, 745 P.2d 661 (Colo. 1987). Husband argues that the wife's vested interest in the trust can be equated to a spouse's vested interest in a pension plan and that, therefore, the holdings in *Gallo* and *Grubb* require the appreciation in the trust corpus to be treated as marital property. We do not agree.

First, we reject the contention that pension benefits derived from employment during the marriage can be equated to a spouse's undivided beneficial interest in a discretionary support trust. A fundamental consideration noted in *Gallo* was that retirement benefits constitute an "important part of an employee's compensation

package which he or she brings to the marriage unit." The same cannot be said of a discretionary support trust established as a gift or bequest for the benefit of one spouse *and* other named beneficiaries.

Further, the "controlling consideration" in *Gallo* and *Grubb* was that an employee's interest in a vested pension plan constitutes a current asset which the spouse has a *contractual right* to receive. In contrast, the wife here, as life beneficiary of a discretionary support trust, has no present *or* future right to gain access to, or invade, the trust corpus.

Hence, we conclude that the *Rosenblum* ruling remains dispositive of this issue.

## II.

Husband next asserts error in the trial court's valuation and distribution of the marital equity in the parties' residence. Husband does not dispute that wife received the residence as a gift from her father. However, he argues that wife's trust income was used to make improvements on the residence and to reduce the mortgage debt on the property. He asserts that the payments actually made to wife from the trust constituted marital income and that investments of such income are thus property subject to division. We agree with this contention.

The question of whether income derived from non-marital property is marital property has not been addressed in Colorado. However, under the Uniform Marriage and Divorce Act (UMDA), the model act on which § 14–10–113 is based, income from both marital and non-marital property received during the marriage is deemed to be marital property. *See* Uniform Marriage and Divorce Act, 9A Uniform Laws Annot. § 307 (1987) (Note 92). Accordingly, courts in jurisdictions that have adopted property distribution statutes based on the UMDA, or similar to that of the UMDA, have held that income derived from non-marital property during the marriage is marital property. *See In re Marriage of Williams*, 639 S.W.2d 236 (Mo.Ct.App. 1982); *Brodak v. Brodak*, 294 Md. 10, 447 A.2d 847 (1982); *In re Marriage of Reed*,

100 Ill.App.3d 873, 56 Ill.Dec. 202, 427 N.E.2d 282 (1981); *Sousley v. Sousley*, 614 S.W.2d 942 (Ky.1981).

A second model act, the Uniform Marital Property Act (UMPA), adopted in a number of states other than Colorado, likewise provides that income received during the marriage is marital property, regardless of the source of income. *See* Uniform Marital Property Act, 9A Uniform Laws Annot. § 4 (1987) (Comment at 110). In Wisconsin, where the UMPA has been adopted, property acquired with income generated by an excluded asset is considered marital property. *In re Marriage of Arneson*, 120 Wis.2d 236, 355 N.W.2d 16 (Ct.App.1984).

We find the foregoing cases persuasive in interpreting our own statute. Section 14–10–113(2), C.R.S. (1987 Repl.Vol. 6B) defines marital property as *all* property acquired by either spouse during the marriage except:

"(a) Property acquired by gift, bequest, devise, or descent;

"(b) Property acquired in exchange for property acquired prior to the marriage or in exchange for property acquired by gift, bequest, devise, or descent;

"(c) Property acquired by a spouse after a decree of legal separation;

"(d) Property excluded by valid agreement of the parties."

This list of property specifically exempted from the statutory definition of marital property does not include the *income* from non-marital property. Moreover, the statute expressly provides that the appreciation in value of separate property during the marriage is marital property. Section 14–10–113(4), C.R.S. (1987 Repl.Vol. 6B). These provisions, considered together with UMDA § 307, on which § 14–10–113 is based, indicate that the General Assembly, in adopting the UMDA, intended for income derived from non-marital property during the marriage to be treated as marital property. Accordingly, the income which wife here received from the trust during the marriage was marital income. And, to the extent that this income was used to renovate or reduce the mortgage

debt on wife's residence, the resulting appreciation in value of the residence must be classified as marital property. *See In re Marriage of Williams, supra; Brodak v. Brodak, supra.*

Hence, the trial court's division of property cannot stand. On remand, the court must include any appreciation in the value of wife's residence attributable to trust income received during the marriage as marital property subject to equitable division.

### III.

■ Husband also argues that the trial court failed to consider the value of labor which he expended in renovating the residence. We agree.

It was undisputed that husband performed substantial work during the marriage in renovating the residence. At the time the work was performed, the parties were occupying the home as a marital residence, and there is evidence in the record that they anticipated that wife's father would deed the property to them. However, when the work was substantially completed, the deed granted the property exclusively to the wife. According to wife's appraiser, the property increased in value by $21,500 during this period of time. Husband's appraiser estimated the increase in value to be at least $38,500. However, the trial court, in determining an equitable distribution, limited its consideration to the increase in value which occurred *after* title was conveyed to wife.

Husband argues that the trial court abused its discretion in failing to consider the full value of the appreciation in the property attributable to the renovation. The wife disagrees, arguing that the measure of appreciation under § 14–10–113(4), C.R.S. (1987 Repl.Vol. 6B) is limited to the difference between the value of the property at the time of acquisition by gift or inheritance and the value of the property at the time of dissolution.

Although § 14–10–113(4) establishes the time parameters within which the appreciation in separate property is to be measured, this provision does not restrict the trial court's discretion in making an equitable

distribution. Rather, § 14–10–113(1), C.R.S. (1987 Repl.Vol. 6B) requires the trial court to consider "all relevant factors" including the factors specifically enumerated in § 14–10–113(1)(a) to (d).

■ A spouse's contribution to an increase in the value of separate property is a relevant factor to be considered in making an equitable distribution of property. *See Santilli v. Santilli,* 169 Colo. 49, 453 P.2d 606 (1969); *In re Marriage of Wildin,* 39 Colo.App. 189, 563 P.2d 384 (1977). Therefore, the trial court erred in disregarding the husband's direct and substantial marital contributions in renovating the wife's residence and the resulting appreciation in the value of the residence. On remand, the trial court is directed to consider the property's full appreciation in value during the marriage, and the husband's contribution to that appreciation, in determining an equitable distribution under § 14–10–113(1).

The husband's other assignments of error are without merit.

That part of the judgment which determined that wife's interest in the trust was not property subject to division is affirmed. Those portions of the judgment determining the marital value of the parties' residence and the equitable division of marital property are reversed. The cause is remanded for redetermination of the parties' marital equity in the residence and for modification of the order of distribution of marital property consistent with the views herein expressed.

CRISWELL and NEY, JJ., concur.