**SHRINERS HOSPITAL FOR CRIPPLED CHILDREN, INC., Plaintiff–Appellant,**

v.

**William H. SOUTHARD, Defendant–Appellee.**

**No. 93CA1230.**

Colorado Court of Appeals, Div. IV.

Sept. 8, 1994.

Rehearing Denied Oct. 6, 1994.

Certiorari Denied April 10, 1995.

Michael R. Enwall, Boulder, for plaintiff-appellant.

White and Steele, P.C., William F. Campbell, Joseph R. King, Denver, for defendant-appellee.

Opinion by Judge HUME.

Plaintiff, Shriners Hospital for Crippled Children, appeals the trial court's judgment dismissing with prejudice its claims against defendant, William Southard, for failure to state a claim upon which relief could be granted pursuant to C.R.C.P. 12(b)(5). We affirm.

Defendant is an attorney who represented settlor and her husband in drafting a trust agreement whereby a bank, as trustee, handled some of their financial affairs. After the husband's death, defendant drafted a trust agreement pursuant to which virtually all of settlor's assets were placed in the trust. The dispositive provisions of the trust were identical to those of settlor's existing will, which provided for a bequest to plaintiff and also designated it as the residuary beneficiary of the estate.

Over two months later, a trust officer informed defendant that settlor wished to amend her will. Defendant drafted a codicil to settlor's will which provided for a bequest of a sum of money to each of two persons whom settlor had known for several years.

Soon thereafter, settlor told her trustee that she wished to have the entire trust assets distributed to the same two persons. Defendant was informed by the trustee of settlor's wishes and, without discussing it with her, drafted an amendment to the trust agreement effectuating her wishes. He did not revise settlor's will to conform to the amended trust agreement.

After settlor's death, the trust assets were distributed in accordance with the trust. Plaintiff subsequently brought this action for attorney malpractice contending that defendant was negligent in drafting the revised trust agreement because he did not personally confer with settlor to determine whether she was mentally competent and whether anyone was exerting undue influence upon her to change beneficiaries under the trust.

■ Plaintiff contends that a third party has standing to bring an action for attorney malpractice if, as here, the third party was an intended beneficiary of the client's will. We disagree.

■ An attorney has a duty to act in the best interests of his or her client and is liable to third parties only for injuries caused by the attorney's fraudulent, malicious, or intentionally tortious conduct. *Berger v. Dixon & Snow, P.C.,* 868 P.2d 1149 (Colo.App.1993). *See also Hill v. Boatright,* 890 P.2d 180 (Colo.App.1994).

Colorado courts have held that an attorney's liability to third parties should be limited because of the attorney's duty of loyalty and effective advocacy to his or her client, the nature of the potential for adversarial relationships between the attorney and other parties, and because of the attorney's unlimited potential liability if attorney liability is extended to third parties. *Schmidt v. Frankewich,* 819 P.2d 1074 (Colo.App.1991).

Nevertheless, some exceptions have been recognized and applied to broaden the narrow limits of malpractice liability in favor of third parties. A division of this court reversed the dismissal of an investor's claim for negligent misrepresentation against counsel for a town who prepared an opinion letter which counsel knew and intended would be used by potential investors in determining whether to invest in urban renewal bonds.

*See Central Bank Denver v. Mehaffy, Rider, Windholz & Wilson,* 865 P.2d 862 (Colo.App. 1993). Also, a division of this court concluded that a proper claim for restitution was stated in an action by a bankruptcy trustee against attorneys for the debtor's adversary to recover a contingent fee to which they were no longer entitled. *See Berger v. Dixon & Snow, P.C., supra.*

Plaintiff's complaint alleges simple negligence rather than fraudulent, malicious, or intentionally tortious conduct, and seeks damages rather than restitution of moneys improperly received or conveyed. It does not assert a claim for negligent misrepresentation.

Plaintiff contends that an exception to the limitation of attorney liability should also be made for third parties contesting testamentary documents. It supports its contention with authority from other jurisdictions that have found the reasons for the general rule inapplicable to a will contest and have allowed attorney malpractice actions to be brought by a third party. We are not persuaded that such authority should be controlling here.

The cases upon which plaintiff relies deal with situations in which a beneficiary did not receive the amount which he or she should have received according to the testator's intentions because of an attorney's poor draftsmanship or failure to follow through to achieve the testator's desired result. *See Mieras v. Debona,* 204 Mich.App. 703, 516 N.W.2d 154 (1994) (codicil to a will specifically provided that one child was to be excluded from taking under the will, but did not address a previously existing power of appointment to a marital trust which provided that the assets would be distributed equally to all children); *McLane v. Russell,* 131 Ill.2d 509, 137 Ill.Dec. 554, 546 N.E.2d 499 (1989) (joint tenancy of property was not severed so that property could pass as intended in the will); *Hale v. Groce,* 304 Or. 281, 744 P.2d 1289 (1987) (will did not include intended devise); *Auric v. Continental Casualty Co.,* 111 Wis.2d 507, 331 N.W.2d 325 (1983) (revised will adding a devise to plaintiff was ineffec-

tively attested so that testator's intent was not carried out); *Needham v. Hamilton,* 459 A.2d 1060 (D.C.App.1983) (intended residuary clause left out of revised will).

In essence, these cases allow beneficiaries a right to proceed as if standing in the shoes of a testator whose dispositional intent in their favor was frustrated by counsel's negligence.

Here, however, plaintiff does not allege that the trust agreement does not effect settlor's dispositional intent. Instead, it asserts that defendant was negligent in failing to ascertain the mental capacity of the settlor to amend the trust instrument and in failing to determine whether she was being subjected to undue influence. Under these circumstances, we decline to extend defendant's duty of care in favor of a third party. Accordingly, we conclude that the trial court did not err in entering judgment of dismissal with prejudice.

The judgment is affirmed.

DAVIDSON and PIERCE *, JJ., concur.