Lavern GLOVER and Athlyn Glover, Plaintiffs–Appellants,

v.

William H. SOUTHARD, Defendant–Appellee.

No. 93CA1261.

Colorado Court of Appeals, Div. II.

Nov. 3, 1994.

Rehearing Denied Dec. 1, 1994.

Certiorari Denied April 24, 1995.

Plaut, Lipstein, Mortimer, P.C., Frank Plaut, Evan S. Lipstein, Lakewood, for plaintiffs-appellants.

White & Steel, P.C., William F. Campbell, Joseph R. King, Denver, for defendant-appellee.

Opinion by Judge HUME.

Plaintiffs, Lavern and Athlyn Glover, appeal the trial court's judgment dismissing with prejudice their complaint against defendant, William Southard, for failure to state a claim. We affirm.

Defendant, an attorney employed by a Greeley bank, drafted a trust agreement by which a settlor designated a non-profit corporation as sole residual beneficiary to the trust corpus which included most of settlor's property. The agreement named the bank as trustee.

Two months later, defendant drafted a codicil to the settlor's previously executed will to add a bequest of a sum of money to plaintiffs.

Five months after the trust's creation, the settlor told a bank trust officer that she wished to leave her entire estate to plaintiffs. The trust officer contacted defendant who, without discussing the proposed change with the settlor, drafted an amendment to the trust agreement. The revision provided that all of the trust assets should be distributed to plaintiffs upon settlor's death. Defendant did not revise the settlor's will to make it consistent with the terms of the trust.

After the settlor's death, in settlement of a dispute about the validity of the trust, plaintiffs relinquished their rights under the trust instrument in exchange for a cash settlement. They then initiated a malpractice action against defendant for his failure to amend the settlor's will to conform to the amended trust.

Acting pursuant to defendant's C.R.C.P. 12(b)(5) motion, the trial court ruled that plaintiffs lacked standing to assert a claim against defendant and, accordingly, dismissed the malpractice action.

Plaintiffs contend that third parties do have standing to bring an independent action for attorney malpractice if, as here, they are the intended beneficiaries of a negligently drafted testamentary instrument. We disagree.

In passing upon a motion to dismiss a complaint, a court may consider only matters stated therein and must not go beyond the confines of the pleading. In reviewing the action of a trial court in dismissing for failure to state a claim, an appellate court is in the same position as the trial court. *McDonald v. Lakewood Country Club*, 170 Colo. 355, 461 P.2d 437 (1969).

Material allegations of the complaint are deemed admitted. The motion should be granted only if it appears that plaintiff would not be entitled to relief under the facts pleaded. *Davidson v. Dill*, 180 Colo. 123, 503 P.2d 157 (1972).

An attorney must act in his client's best interest and is not liable to a third party absent conduct that is fraudulent or malicious. *Hill v. Boatright*, 890 P.2d 180 (Colo. App.1994). *See Klancke v. Smith*, 829 P.2d 464 (Colo.App.1991) (attorney for spouse in wrongful death action owed no duty to decedent's children); *Schmidt v. Frankewich*, 819 P.2d 1074 (Colo.App.1991) (absent fraud or malicious conduct, attorney for corporation not liable to shareholders or guarantors of corporation); *McGee v. Hyatt Legal Services, Inc.*, 813 P.2d 754 (Colo.App.1990) (law firm representing a mother in a custody action had no duty to child); *In re Estate of Brooks*, 42 Colo.App. 333, 596 P.2d 1220 (1979) (attorney for trustee not liable to alleged beneficiary for alleged breach of trust).

The rule that an attorney's liability to third parties is strictly limited rests upon three public policy bases: the protection of the attorney's duty of loyalty to and effective advocacy for his or her client; the nature of the potential for adversarial relationships between the attorney and third parties; and the attorney's potential for unlimited liability if his duty of care is extended to third parties. *Schmidt v. Frankewich, supra.*

This court has ruled that a third party may assert a claim for negligent misrepresentation against a professional engineer who supplied false information to a prospective home buyer, *Wolther v. Schaarschmidt*, 738 P.2d 25 (Colo.App.1986), and it has also broadened the scope of attorney malpractice liability as well, extending it to non-client third parties under a few narrow exceptions.

A division of this court reversed the dismissal of an investor's claim for negligent misrepresentation against an attorney who misstated material facts in an opinion letter issued to potential investors knowing they would likely rely upon them. *Central Bank Denver v. Mehaffy, Rider, Windholz & Wilson*, 865 P.2d 862 (Colo.App.1993). Another division of this court concluded that a bankruptcy trustee stated a claim for restitution of fees improperly obtained by attorneys for a debtor's adversary. *Berger v. Dixon & Snow, P.C.*, 868 P.2d 1149 (Colo.App.1994).

However, in an appeal challenging a dismissal of another malpractice claim against defendant under the instruments involved here, a division of this court refused to extend a duty of care in favor of a non-profit corporation whose interest under the trust was eliminated in favor of plaintiffs. In that case, the plaintiff corporation could not allege that inconsistencies between the settlor's will and the trust instrument reflected an unequivocal intent to benefit it at settlor's death. Instead, the last instrument executed by the settlor facially evinced a contrary intent. This court refused to impose a duty upon the attorney in favor of the corporation to question or challenge the settlor's testamentary capacity at the time she amended the trust eliminating the corporation as a beneficiary. *See Shriners v. Southard*, 892 P.2d 417 (Colo.App.1994).

## A.

Plaintiffs urge that we follow foreign authorities such as those referenced in Annot., 61 A.L.R.4th 615 (1988) that impose a duty of

care upon lawyers in favor of beneficiaries named in testamentary instruments that they draft. We decline to do so.

■ Whether a legal duty is owed a plaintiff as well as the scope of such duty are questions of law which the court must decide. *Perreira v. State,* 768 P.2d 1198 (Colo.1989). The court's conclusion as to the existence of duty is an expression of the sum total of those considerations of policy which lead the law to say the plaintiff is or is not entitled to protection. *University of Denver v. Whitlock,* 744 P.2d 54 (Colo.1987).

Although the court may consider a variety of relevant factors in reaching its decision, the question becomes one of fairness under a contemporary standard: would a reasonable person recognize and agree that a duty of care exists? *Perreira, supra.*

■ We conclude that, under the operative facts pleaded in this case, an attorney's duty of care should not be extended to third parties. Hence, plaintiffs failed to state a claim under a tort theory of recovery.

### B.

Additionally, third-party contract principles do not automatically extend an attorney's liability to the beneficiaries of a testamentary document.

■ A person not party to an express contract may bring an action on such contract if the parties to the agreement intended to benefit the third party, provided that such benefit is direct and not merely incidental. *Jefferson County School District v. Shorey,* 826 P.2d 830 (Colo.1992). The intent to benefit must be apparent from the agreement terms, the surrounding circumstances, or both. *E.B. Roberts Construction Co. v. Concrete Contractors, Inc.,* 704 P.2d 859 (Colo.1985).

Although some jurisdictions have concluded that a third party may have a cause of action as an intended third-party beneficiary of the contract between the testator and the attorney to draft a will, the drafter's liability is premised on a finding that the attorney failed to carry out the testator's intent, thus causing a reduction in or loss of an intended beneficiary's interest. *Ventura County Society for the Prevention of Cruelty to Children & Animals, Inc. v. Holloway,* 40 Cal.App.3d 897, 115 Cal.Rptr. 464 (1974). *See also DeMaris v. Asti,* 426 So.2d 1153 (Fla.App.1983).

■ Thus, a testamentary beneficiary has no cause of action for breach of contract against the testator's attorney for alleged negligence in drafting a valid testamentary instrument so long as the document accurately reflects the testator's intent. *See Schreiner v. Scoville,* 410 N.W.2d 679 (Iowa 1987); *Kirgan v. Parks,* 60 Md.App. 1, 478 A.2d 713 (1984).

■ If the language is plain and unambiguous, extrinsic evidence is inadmissible to show testator's intent was other than that disclosed in the instrument. *Kirgan v. Parks, supra.*

Here, the codicil to settlor's will includes a specific devise to plaintiffs and designates another entity as residual beneficiary. The trust agreement names plaintiffs as beneficiaries of the residual trust assets.

And, although the will and trust instruments treat the disposition of residuary assets differently, neither document identifies a common scheme or plan in regard to any of the named beneficiaries, including plaintiffs. In addition, both the will and trust agreement contain gifts to numerous beneficiaries, all of whom possess interests which potentially conflict with those of the settlor and among the named beneficiaries. Nor do plaintiffs assert that they relied on the devises contained within the documents, or that defendant knew or should have known of any such reliance. Moreover, here, by accepting money in lieu of attempting to enforce the terms of the instrument, the plaintiffs elected not to litigate to conclusion the validity of the trust or the issue whether it expressed the settlor's intent.

We conclude, as a matter of policy, that it is in the public's best interest to protect attorneys from potentially unlimited liability to third parties whose interests may interfere with the attorney's ability to fulfill the duties of undivided loyalty and advocacy owed to his or her client. *See Schmidt v.*

*Frankewich, supra; Montano v. Land Title Guarantee Co.,* 778 P.2d 328 (Colo.App.1989). Thus, in drafting testamentary instruments at the behest of a client, an attorney should not be burdened with potential liability to possible beneficiaries of such instruments.

Hence, under the circumstances of this case, plaintiffs failed to state a claim against defendant under either tort or contract principles, and thus, the trial court properly entered judgment of dismissal with prejudice.

The judgment is affirmed.

PLANK, J., concurs.

CASEBOLT, J., dissents.

Judge CASEBOLT dissenting.

I respectfully dissent. In my view, a limited exception to the rule precluding liability of attorneys to third parties should be applicable when the party seeking recovery is an intended beneficiary of a negligently drafted estate planning instrument. I would hold that a duty of care exists under these circumstances, and consequently, I would reverse the determination of the trial court.

In an action premised on alleged negligence, whether a legal duty is owed by a particular defendant to a particular plaintiff as well as the scope of any such duty are questions of law which a court must determine. *Perreira v. State,* 768 P.2d 1198 (Colo. 1989). A court's conclusion as to the existence of a duty is "an expression of the sum total of those considerations of policy which lead the law to say that the plaintiff is entitled to protection." *University of Denver v. Whitlock,* 744 P.2d 54, 57 (1987).

A duty may arise independent of any contractual relationship, and the absence of a contract does not preclude recognition of a duty. *Greenberg v. Perkins,* 845 P.2d 530 (Colo.1993).

Several factors, including the risk involved, the foreseeability and likelihood of injury as weighed against the social utility of the defendant's conduct, the magnitude of the burden of guarding against the harm, and the consequences of placing this burden on the defendant are all relevant. *Greenberg v. Perkins, supra.*

These factors, however, are not exclusive; a court may consider any other relevant factors based on the competing individual and social interests implicated by the facts of the case. *Perreira v. State, supra.* Indeed, as the majority has recognized, the question is essentially one of fairness under contemporary standards. That is, would reasonable persons recognize and agree that a duty of care exists? *Taco Bell, Inc. v. Lannon,* 744 P.2d 43 (Colo.1987).

Generally, a duty of care is owed with regard to a person's affirmative conduct, and such a duty extends to all who may be foreseeably injured if that conduct is negligently carried out. *Greenberg v. Perkins, supra.*

Utilizing the above factors, as well as others discussed hereafter, I conclude that a duty of care should exist here.

The risk involved in this case is substantial.

First, in terms of the value of property involved for the intended beneficiary, the risk to plaintiffs is that they will lose the legacies that are intended for them, with consequent costs and expenses attendant to litigating their entitlement to the same. While the degree of risk may vary with the value of the property involved, there is sufficient risk of harm resulting from alleged negligent drafting here to require Southard to act with reasonable care.

Moreover, it is fundamental that a client is entitled to believe in the efficacy of his or her estate planning documents, and even more fundamental that his or her wishes should be fully carried out. If estate planning documents do not effectuate the client's desires, a loss of faith in our system of transfers to survivors and beneficiaries may ensue. Hence, there is an appreciable societal risk to the orderly transmission of a decedent's property if no duty of care is recognized under these circumstances.

The risk involved here is foreseeable. Defendant was the drafter of the previous estate planning documents. He was aware generally of the extent of property involved since the bank was acting as trustee under an agency agreement for the settlor. Thus,

the risk that the plaintiffs would be injured by negligent drafting was reasonably foreseeable to defendant.

More generally, the very reason an estate planning client seeks the advice of counsel is to effect the orderly transmission of his or her property to the designated entities or individuals described in the document. The negligent drafter of an improper will or trust can foresee that his or her conduct will result in consequences to intended beneficiaries.

The likelihood of injury here was foreseeable as well. Defendant knew or should have known that negligently drafting the documents would result in a dispute concerning the disposition of the settlor's property. A negligently drafted will or trust is not only likely, but virtually certain to engender litigation since the testator or settlor is unavailable to testify to his or her true intent.

The social utility of defendant's conduct is certainly significant; however, the utility of negligent conduct is not. Imposing a duty of care will not preclude defendant or attorneys generally from rendering services for estate planning clients; on the contrary it will only require such conduct to be carefully performed.

The magnitude of the burden of guarding against the harm is no greater than that which currently exists for careful preparation of documents for non-estate planning clients. In all other contexts, particularly in creation of contracts, attorneys recognize and shoulder the burden of preparing documents which reasonably effectuate their client's interests and correspondingly bear the malpractice risk if those documents fail.

In addition, the conduct being scrutinized here is affirmative conduct in that defendant's drafting changed a pre-existing document and altered the disposition of property that would have ensued had he not acted.

Accordingly, given the above considerations, and absent contrary ones, a duty of care should exist. There are, however, additional policies and factors which must be considered in this context. They include the policies outlined by previous decisions of this court in dealing with claims by third parties against attorneys.

Those cases which preclude recovery by third parties in attorney malpractice cases are based upon three well-founded and salutary public policies: (1) protection of the attorney's duty of loyalty to and effective advocacy for the client; (2) concern for the potential adversarial relationship between an attorney and third parties; and (3) the potential liability to an unlimited number of third parties. *Montano v. Land Title Guarantee Co.*, 778 P.2d 328 (Colo.App.1989). However, a recognition here of a limited exception will not frustrate or negate any of these policies; rather, it will enhance their implementation.

First, permitting an intended beneficiary to pursue a legal malpractice claim for a negligently drafted estate planning instrument will re-enforce the duty of loyalty. Certainly the estate planning client expects that the document which the attorney drafts will effectuate the client's intent. Few things could be more "loyal" than drafting an instrument which carries out the client's expressly articulated desires.

Moreover, imposing liability would undoubtedly create a heightened interest in careful preparation of such instruments, thus assisting effective advocacy for the client's interests. Drafting more precise documents will also yield predictability of result for the client and potentially decrease estate litigation which, in turn, will result in a lower cost for implementation of the client's goals.

Second, I see no significant conflict of interest being created nor a potentially adversarial relationship being developed between the drafting attorney and third parties under these circumstances, as long as the estate planning instrument accurately reflects and appropriately implements the intention of the client. If the instrument is valid and prepared as directed by the client, no liability would arise. The client remains free to change his or her intentions and desires regarding disposition of assets by executing a new will or trust.

When an individual or entity can prove they are intended beneficiaries of the instrument, no apparent conflicts arise. The duty of an attorney to exert his or her best efforts on behalf of the client is not antithetical to or

inconsistent with any duty to an intended beneficiary, since the client's and beneficiaries' interests appear to be the same under these circumstances.

Moreover, intended beneficiaries recognized as such in the dispositive instrument do not have any vested rights until implementation of the instrument, which for the estate planning client typically occurs at death. An attorney would have no obligation to notify designated beneficiaries of their status, nor advise them if their status changes. Nor will the attorney "represent" them, because the attorney's duty is to implement the desires of the client, not those of the beneficiary.

Finally, the potential liability of an attorney in these circumstances is not unlimited. The duty I would recognize here is owed to intended beneficiaries, identified in the instrument, a class which is readily discernable. Moreover, the attorney will most certainly know the general extent of the client's wealth and can readily gauge the potential liability accordingly. The attorney can negate this potential liability by refusing the undertaking or, at the minimum, can compensate for the magnitude of the undertaking in part by the size of the fee charged.

Having determined that the imposition of a duty is appropriate, I would define the duty to require defendant to use reasonable care in drafting the estate planning document so as not to cause harm to an intended beneficiary under the instrument. *See Fleming v. Lentz, Evans & King, P.C.*, 873 P.2d 38 (Colo.App.1994).

Since sufficient facts and conclusions are alleged in the complaint, which we must accept as true, to plead negligence against defendant, I would reverse and reinstate the complaint as to that claim. The trier of fact would be required to determine whether, among other things, defendant breached the duty of care whether the Glovers were intended beneficiaries.

Moreover, inasmuch as the plaintiffs assert, as an alternative theory of liability, that they are direct and intended third-party beneficiaries of the contract between defendant and the settlor, I would also allow the alternative pleading of a third-party contract claim.

A person not a party to an express contract may bring an action on such contract if the parties to the agreement intended to benefit the non-party, provided that the benefit claimed is a direct and not merely incidental benefit of the contract. *E.B. Roberts Construction Co. v. Concrete Contractors, Inc.*, 704 P.2d 859 (Colo.1985).

Sufficient facts and conclusions are alleged in the complaint to trigger a third-party beneficiary claim; hence, I would reverse and reinstate the complaint as to that claim as well.

*Shriners Hospital for Crippled Children, Inc. v. Southard*, 892 P.2d 417 (Colo.App. 1994), decided by a separate division of this court, does not require a different result. There, the hospital's interest was eliminated from the estate planning instrument by the settlor's direction, and the hospital could not allege that inconsistencies between the settlor's will and the trust instrument reflected an unequivocal intent to benefit the hospital at the settlor's death.

Here, however, the plaintiffs specifically allege that they were intended beneficiaries under the trust agreement, and their settlement of the "validity" litigation was precipitated by defendant's negligent drafting. Hence the issue of the settlor's actual intent remains an issue of fact for determination at trial.

In conclusion, recognition of a duty under these limited circumstances is warranted. Reasonable persons, in my view, would recognize and agree that a duty of care exists, thus mandating judicial recognition. Moreover, alternative third-party beneficiary theories are available when, as here, a contract duty may exist.

Accordingly, I would reverse the judgment of dismissal and remand for further proceedings on the plaintiffs claims of malpractice and breach of contract.