GOLDEN RULE INSURANCE
CORPORATION, Plaintiff,

v.

Lisa A. GREENFIELD, Defendant
and Third–Party Plaintiff,

v.

William P. MARTIN, Jr., Third–
Party Defendant.

Civ. A. No. 91–B–345.

United States District Court,
D. Colorado.

March 18, 1992.

James E. Gigax, Banta, Hoyt, Greene & Everall, P.C., Englewood, Colo., Guy E. McGaughey, Jr., McGaughey & McGaughey, Ltd., Lawrenceville, Ill., for plaintiff Golden Rule Ins. Corp.

Kevin S. Hannon, The Law Firm of Kevin S. Hannon, Denver, Colo., for defendant and third-party plaintiff Lisa A. Greenfield.

Harlan G. Balaban, Kenneth L. Levinson, Balaban & Levinson, P.C., Denver, Colo., for third-party defendant William P. Martin.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

This is a diversity action and jurisdiction exists pursuant to 28 U.S.C. § 1332. Third-

party defendant now moves for summary judgment on the ground that he did not breach any duty owed to third-party plaintiff. I apply the law of Colorado, the forum state. The issue is adequately briefed and oral argument will not materially aid its resolution. A genuine dispute of a material fact exists and Martin is not entitled to judgment as a matter of law. Accordingly, Martin's motion is denied.

Golden Rule brought this action to rescind a health insurance policy issued to Greenfield. Golden Rule alleges that Greenfield misrepresented and concealed on her application the extent of her back injuries. Specifically, Golden Rule asserts that Greenfield did not disclose that 22 months before her application she was seen by a doctor who indicated that she might have degenerative disc disease. Further, she allegedly misrepresented that she was fully recovered and had no residual pain or problems from a 1983 back surgery. Two months after Golden Rule issued this policy, Greenfield required surgery to fuse the same disc that was the locus of the 1983 surgery.

Greenfield impleaded Martin, who was the insurance agent who sold her the Golden Rule policy and assisted her in completing the application. Greenfield contends that Martin failed to use reasonable care in procuring her health insurance and that his negligence caused Golden Rule to seek to rescind the policy. Greenfield seeks to hold Martin liable for the amount of her fusion operation, if that claim is not ultimately paid by Golden Rule.

Greenfield first contacted Martin in April, 1990, inquiring about health insurance policies with Golden Rule. On April 9, 1990, Martin and Greenfield met at her home, and together they completed a Golden Rule application. Martin filled in the answers to questions 1 to 10 and 21 to 22, while Greenfield answered questions 15 to 19. Question 20, which requested the names of all doctors consulted in the last 5 years, was left blank. At issue here, question 15(g) asked if Greenfield had any "disease or disorders" of the back or spine, which she answered "no." Question 21

sought information on prior surgeries, which Martin answered by disclosing that Greenfield had disc enzyme surgery in 1983 and that she had made a full recovery.

Greenfield alleges that Martin was negligent because he (1) allowed her to submit the application without answering question 20, (2) allowed her to submit the application with contradictory responses to questions 15(g) and 21, (3) did not request additional information concerning her back condition so as to more fully disclose this fact to Golden Rule, (4) did not advise her of the need to provide more detailed information, and (5) failed to explain the meaning of the questions on the application. In this motion for summary judgment, Martin admits he owed Greenfield a duty of reasonable care. However, he contends that the scope of that duty does not include the "extraordinary procedures and practices urged by Greenfield." He also argues that he did not breach this duty.

Fed.R.Civ.P. 56 provides that summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to summary judgment as a matter of law. The moving party bears the initial burden of pointing out the absence of disputed material facts. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Then, the non-moving party has the burden of showing that there are issues of material fact to be determined at trial. *Id.* The non-moving party must present sufficient evidence so that a reasonable juror could find in her favor on the disputed question. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party. All doubts must be resolved in favor of the existence of triable issues of material fact. *Boren v. Southwestern Bell Tel. Co.,* 933 F.2d 891 (10th Cir.1991).

▮ The existence and scope of a duty is a question of law for the court. *Metro-*

*politan Gas Repair Service, Inc. v. Kulik,* 621 P.2d 313, 317 (Colo.1980). Generally, "[a] person has a duty to act or refrain from acting when it is reasonably foreseeable that the failure to act or refrain will create an unreasonable risk of harm to another." *Lyons v. Nasby,* 770 P.2d 1250, 1254 (Colo.1989). The question whether a duty should be imposed and the scope of that duty is "essentially one of fairness under contemporary standards—whether reasonable persons would recognize a duty and agree that it exists." *Taco Bell, Inc. v. Lannon,* 744 P.2d 43, 46 (Colo.1987).

■ The Colorado Supreme Court addressed an insurance agent's duty in *Bayly, Martin & Fay v. Pete's Satire,* 739 P.2d 239, 243 (Colo.1987). There, the court held: "There is no question that an insurance broker or agent who agrees to obtain a particular form of insurance coverage for the person seeking such insurance has a legal duty to obtain such coverage...." Relying on this statement, Martin argues that he discharged any duty he owed to Greenfield when Golden Rule issued the policy. However, Martin interprets that ruling too narrowly. Part of "obtaining" insurance coverage includes acting with reasonable care so that the insurance policy remains effective. If an insurance agent's negligence causes the later rescission of an insurance policy, it cannot be said that the agent obtained the requested coverage within the spirit of the rule. *See also, Mayhew v. Glazier,* 68 Colo. 350, 189 P. 843 (1920).

Moreover, imposing a duty here conforms with general principles of tort law. Where, as here, an insurance agent assists a person in completing an application, it is reasonably foreseeable that the applicant will rely on the agent's special knowledge and experience. Further, if the agent does not act with reasonable care, it is reasonably foreseeable that any policy issued could be subject to rescission, thereby harming the insured. Indeed, Golden Rule's own instruction directed its agents not to complete the application because they could be exposing themselves to liability.

■ Although an insurance agent does not have to assist an applicant in completing the application, once the agent undertakes this task, the agent must exercise the level of skill, care and diligence appropriate under the circumstances for one in the field. The situation is analogous to the classic tort involving a drowning swimmer. A passerby owes no duty to try to rescue the swimmer, but once he starts to rescue he must use reasonable care. Likewise, I hold that when an insurance agent undertakes to assist in the insurance application process, the agent owes a duty to the applicant to use reasonable care in that process. *See generally,* 3 Couch on Insurance 25:37 (2d ed. 1984), ("An agent, employed to effect insurance, must exercise such reasonable skill and ordinary diligence as may be fairly expected from a person in his profession or situation, in doing what is necessary to effect a policy ...").

■ The question then is whether Greenfield has presented sufficient evidence so that a reasonable jury could find that Martin has breached this duty. I conclude that she has.

Greenfield offered in her opposition to this motion the affidavit of Edith Williams, a proffered expert as to the standard of care applicable to insurance agents. Williams stated unequivocally that Martin breached that standard of care when he, *inter alia,* (1) did not advise Greenfield of the risks of submitting the application with contradictory answers, (2) did not inquire what Greenfield meant by the term "full recovery", and (3) failed to ask question 20 and allowed Greenfield to submit the application with question 20 unanswered. This evidence is sufficient for a reasonable jury to find that Martin acted negligently. Indeed, even without expert testimony, a reasonable jury could find that an insurance agent who fills out an application, but then allows the applicant to submit it with inconsistent and incomplete answers, has breached his duty of reasonable care. Therefore, Martin's motion for summary judgment is denied.

Accordingly, IT IS ORDERED THAT:

Third-party defendant's motion for summary judgment is DENIED.