**Robert Lloyd TURMAN and Revealers Enterprises, Inc., Defendants–Appellants and Cross–Appellees,**

v.

**CASTLE LAW FIRM, LLC, Defendant–Appellee and Cross–Appellant.**

**No. 04CA1364.**

Colorado Court of Appeals, Div. IV.

Jan. 12, 2006.

LeHouillier & Associates, Patric J. Le-Houillier, Colorado Springs, Colorado, for Defendants–Appellants and Cross–Appellees.

Bennington, Johnson, Biermann & Craigmile, L.L.C., Deanna L. Westfall, Tami L. Sapp, Denver, Colorado, for Defendant–Appellee and Cross–Appellant.

RUSSEL, Judge.

This appeal arises from a cross-claim made by Robert Lloyd Turman and Revealers Enterprises, Inc. (collectively, buyers), against Castle Law Firm, LLC (law firm). The trial court entered judgment after resolving the parties' motions for summary judgment. Buyers appeal from the court's final judgment, and the law firm cross-appeals. We reverse and remand with directions.

## I. Background

Buyers bought a house at a foreclosure sale, intending to sell it later for a profit. However, buyers never obtained title. Instead, the following events occurred:

1. Before the sale, the homeowner transferred funds to the law firm, which was acting as counsel for the foreclosing

lender. These funds were sufficient to cure the homeowner's default.

2. After the sale, the law firm discovered that the homeowner had cured the default. It notified buyers and the public trustee of the homeowner's cure.

3. The foreclosure sale was set aside.

4. The law firm tried to refund the purchase price, plus interest, to buyers, but they refused to accept this amount.

Buyers later defaulted on the loan that they had obtained to purchase the house. Their lender filed suit against buyers, the law firm, and other defendants. Buyers filed a cross-claim against the law firm, claiming to have been damaged by the law firm's negligent failure to provide timely notice of the homeowner's cure. Buyers sought lost profits and other consequential damages.

The law firm agreed to pay off buyers' loan from the proceeds of the foreclosure sale. The parties thus resolved all matters except buyers' negligence claim against the law firm. Buyers and the law firm then filed opposing motions for summary judgment. The trial court granted each motion in part:

· In favor of the law firm, the court ruled that buyers could not recover damages for lost profits. The court also ruled that buyers could not recover appraisal fees, attorney fees, costs, interest, or late charges.

· In favor of buyers, the court ruled that the law firm had breached a duty of care that it owed to potential purchasers at the foreclosure sale. The court awarded buyers $366 in consequential damages.

Buyers now contend that the trial court erred in refusing to award lost profits and other consequential damages. The law firm contends that the court erred in finding that the law firm breached a duty of care that it owed to buyers. We agree with the law firm.

## II.   Standard of Review

■   Summary judgment should be granted only if it is clear that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. C.R.C.P. 56; *Compass Ins. Co. v. City of Littleton,* 984 P.2d 606, 613 (Colo.1999).   The nonmoving party must be given the benefit of all inferences drawn from the undisputed facts. *HealthONE v. Rodriguez,* 50 P.3d 879, 887 (Colo.2002).

■   We review de novo. *Aspen Wilderness Workshop, Inc. v. Colo. Water Conservation Bd.,* 901 P.2d 1251, 1256 (Colo.1995).

## III.   Discussion

■   To establish a claim based on negligence, a plaintiff must show: (1) the defendant owed a legal duty to the plaintiff; (2) the defendant breached that duty; and (3) the breach of the duty caused the harm resulting in damages to the plaintiff. *Keller v. Koca,* 111 P.3d 445, 447 (Colo.2005).

■   Whether a defendant owes the plaintiff a duty of care is a question of law to be determined by the court. *Bath Excavating & Constr. Co. v. Wills,* 847 P.2d 1141, 1147 (Colo.1993).   If the court finds that the law does not impose a duty on the defendant to act for the plaintiff's benefit, the plaintiff's negligence claim must fail. *Ryder v. Mitchell,* 54 P.3d 885, 889 (Colo.2002).

■■   As a general rule, attorneys have no duty to act for the benefit of those who are not clients.   Thus, absent fraudulent or malicious conduct, attorneys are not liable for negligent acts or omissions that may cause damage to third parties. *Glover v. Southard,* 894 P.2d 21, 23 (Colo.App.1994).   This rule recognizes the nature of the adversarial relationship between a client's attorney and other parties; it protects the attorney's duty of loyalty and effective advocacy for the client; and it avoids creating potential liability to an unlimited number of third parties. *Glover v. Southard, supra; Berger v. Dixon & Snow, P.C.,* 868 P.2d 1149, 1152 (Colo.App.1993).

■   Here, buyers' action for damages falls within the general rule: buyers were not clients of the law firm; they sued for damages based on the law firm's negligence and did not allege fraudulent or malicious conduct.   Although courts have recognized an exception to the general rule for certain negligent misrepresentations, *see Central Bank v. Mehaffy, Rider, Windholz & Wilson,* 865 P.2d 862, 864 (Colo.App.1993), *aff'd,* 892 P.2d

230 (Colo.1995), this exception does not apply here: buyers did not allege any negligent misrepresentation or allege that the law firm acted to induce buyers to purchase the property at the foreclosure sale. *See Residential Capital, LLC v. Cal–Western Reconveyance Corp.,* 108 Cal.App.4th 807, 134 Cal.Rptr.2d 162 (2003) (trustee and beneficiary had no duty to bidder at foreclosure sale, and alleged omissions did not support claim for misrepresentation).

Buyers argue that the law firm's duty of care can be found by analogizing this case to *Vanderbeek v. Vernon Corp.,* 50 P.3d 866, 871–72 (Colo.2002). We reject this argument. In *Vanderbeek,* the supreme court decided the proper measure of damages for the intentional tort of wrongful attachment. Because *Vanderbeek* did not involve a negligence claim, it does not support the proposition that a law firm owes a duty of care to nonclient third parties.

We therefore conclude that the trial court erred in ruling that the law firm owed a duty of care to buyers. Because our conclusion is fatal to buyers' negligence claim, we need not consider buyers' arguments about the proper measure of damages.

The judgment is reversed, and the case is remanded with directions to enter judgment in favor of the law firm.

ROY and CARPARELLI, JJ., concur.