**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

OMAR ALABASSI,

    Plaintiff - Appellant,

v.

T.I.B. INSURANCE BROKERS, INC.,

    Defendant - Appellee.

No. 19-1183
(D.C. No. 1:18-CV-00974-JLK)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **BRISCOE**, **LUCERO**, and **EID**, Circuit Judges.
_____

While the plaintiff, Omar Alabassi, was covered by an insurance policy

obtained through T.I.B. Insurance Brokers ("TIB"), he was involved in a hit-and-run

collision with another driver who fled the scene. Alabassi brought a negligence

claim against TIB, alleging that TIB failed to meet its standard of care in

(1) providing him with adequate insurance coverage and (2) preparing and submitting

his insurance application. The district court granted summary judgment in favor of

TIB because Alabassi failed to present expert testimony establishing that TIB

_____

*This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

breached its duty of care. Because the district court did not err by requiring expert testimony, we affirm.

## I.

On March 23, 2016, Alabassi was involved in a hit-and-run collision with another driver who fled the scene. At the time of the accident, Alabassi owned his own limousine service but was driving his personal vehicle to pick up a customer at Denver International Airport.

Before the accident, TIB sold Alabassi a commercial auto insurance policy issued by Columbia Insurance that covered both Alabassi and his limousine company. TIB advised Alabassi about which insurance policy to purchase and then helped Alabassi to prepare and submit his insurance application.

The insurance application contained a Colorado Coverage Selection Form, which allows the insured to choose the amount of uninsured motorist coverage that will be covered by his policy.[1] Alabassi selected the minimum coverage required by Colorado law but he also checked a box for $50,000 single limit coverage. Alabassi asserts that these two options conflict with each other.

Following the accident, Alabassi claimed that he suffered over $86,000 in medical expenses but Columbia Insurance offered him only $55,000. Alabassi alleged in his complaint that TIB was negligent in (1) providing him with adequate insurance coverage and (2) preparing and submitting his insurance application.

---

[1] A driver who flees the scene of an accident is considered to be uninsured. *Mavashev v. Windsor Ins. Co.*, 72 P.3d 469, 471 (Colo. App. 2003).

At trial, TIB moved for summary judgment on the ground that Alabassi failed to offer expert testimony establishing essential elements of his negligence claim. The district court granted summary judgment for TIB, agreeing that expert testimony was required to prove Alabassi's claim that TIB had breached its duty of care.

## II.

Because our jurisdiction is based on diversity of citizenship, the substantive law of Colorado governs the underlying negligence claims, but federal law controls the standard for reviewing the district court's grant of summary judgment. *See Prager v. Campbell Cty. Mem'l Hosp.*, 731 F.3d 1046, 1060 (10th Cir. 2013).[2] Summary judgment is appropriate where the movant has shown "that there is no

---

[2] In determining that diversity jurisdiction exists under 28 U.S.C. § 1332, we considered TIB's notice of removal. Notice of Removal, *Alabassi v. T.I.B. Insurance Brokers, Inc. et al*, No. 1:18-CV-00974-JLK (D. Colo. April 25, 2018), ECF No. 1. Although this notice was not included in the parties' appendices, we can consider it because it was filed in the district court. *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1015 (10th Cir. 2018) (supplementing the appellate record sua sponte because "[t]he original papers and exhibits filed in the district court constitute part of the record on appeal"); *see also Sheldon v. Khanal*, 502 F. App'x 765, 770 n.7 (10th Cir. 2012) (unpublished) ("Although the parties failed to include a copy of the notice of removal in their appendices, we may take judicial notice of it.").

As a federal court sitting in diversity, we "apply the choice-of-law rules of the forum state." *Boone v. MVM, Inc.*, 572 F.3d 809, 811 (10th Cir. 2009). "For tort claims, Colorado follows the Restatement (Second) of Conflict of Laws and applies the law of the state with the most significant relationship to the occurrence and parties." *Id.* at 811–12 (citing *AE, Inc. v. Goodyear Tire & Rubber Co.*, 168 P.3d 507, 509–10 (Colo. 2007)). Because Alabassi was a Colorado resident who obtained insurance coverage for Colorado vehicles and his accident occurred in Colorado, Colorado has the most significant relationship to the occurrence and the parties. Neither party disputes that Colorado law should apply.

3

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We review de novo the grant of summary judgment. *Hall v. Conoco Inc.*, 886 F.3d 1308, 1316–17 (10th Cir. 2018). In *Hall*, we first noted that we review the grant of summary judgment de novo, but then affirmed the district court's award of summary judgment on the ground that "the district court *could reasonably conclude*" that expert testimony was required. *Id.* at 1317 (emphasis added). The parties suggest, without any citation to this circuit's precedent, that we review a grant of summary judgment for failure to present expert testimony for abuse of discretion. We need not decide the appropriate standard of review to be applied in this case, however, because we determine de novo that the district court properly held expert testimony to be required, and therefore we would uphold its decision under any standard.

To succeed on a negligence claim, "a plaintiff must show that the defendant breached a duty of care owed to the plaintiff and thereby caused the plaintiff's damages." *Palmer v. A.H. Robins Co.*, 684 P.2d 187, 209 (Colo. 1984). "When a claim of negligence is based on an allegation that a professional was negligent, the plaintiff must show that the professional's conduct fell below the standard of care associated with that profession." *Hice v. Lott*, 223 P.3d 139, 143 (Colo. App. 2009); *United Blood Servs., a Div. of Blood Sys., Inc. v. Quintana*, 827 P.2d 509, 519 (Colo. 1992) ("For those practicing a profession involving specialized knowledge or skill, reasonable care requires the actor to possess a standard minimum of special knowledge and ability . . . consistent with . . . members of the profession in good

4

standing."). In such professional negligence cases, expert testimony is ordinarily necessary to help the factfinder determine the applicable standard of care "because in most cases such standards are not within the purview of ordinary persons." *Redden v. SCI Colorado Funeral Servs., Inc.*, 38 P.3d 75, 81 (Colo. 2001). Expert testimony is unnecessary, however, in professional negligence cases where "the relevant standard of care does not require specialized or technical knowledge." *Hice*, 223 P.3d at 143.

## III.

The district court did not err by granting summary judgment for TIB on the ground that expert testimony was necessary to prove Alabassi's negligence claim. Alabassi's complaint alleged that TIB was negligent for failing to use reasonable care in (1) providing Alabassi with adequate insurance coverage and (2) preparing and submitting Alabassi's insurance application.

## A.

The district court did not err by concluding that expert testimony was necessary to prove Alabassi's claim that TIB failed to use reasonable care in providing Alabassi with adequate insurance coverage. A defendant's standard of care must be established by expert testimony when the applicable standard "is outside the common knowledge and experience of ordinary persons." *Gerrity Oil & Gas Corp. v. Magness*, 946 P.2d 913, 929 (Colo. 1997); *Allen*, 102 P.3d at 344 ("[E]xpert testimony is not required where the defendant's standard of care does not require specialized or technical knowledge."). For example, in *Hice v. Lott*, the Colorado

5

Court of Appeals held that expert testimony was required to determine whether appraisers breached their standard of care. 223 P.3d at 146. In *Hice*, the plaintiffs, who were buying a property, asserted that the appraisers breached their standard of care by identifying a dwelling as a "modular home" rather than a "mobile home." *Id.* at 147–48. The court decided that expert testimony was required because ordinary persons would neither understand how a reasonably prudent appraiser would determine whether a residence was a mobile or a modular home nor whether the appraiser's conduct was consistent with those practices. *Id.* at 148–49; *see also Magness*, 946 P.2d at 932 n.13 (concluding that expert testimony was necessary to sustain a negligence claim based on standards of care created by regulatory language like "reasonably permit" and "insofar as practicable" that were not within the common knowledge).

Just as the standards of care in *Hice* and *Magness* were based on determinations that required specialized or technical knowledge, the standard of care here is based on TIB's determination of the proper insurance for Alabassi—a determination requiring knowledge of terms and practices specific to the insurance industry. For instance, Alabassi's complaint alleged that TIB failed to meet its standard of care in providing Alabassi with adequate insurance for the following reasons: (1) TIB failed to offer uninsured motorist limits equal to the bodily injury limits included in Alabassi's policy; (2) TIB failed to provide proper disclosure and guidance by failing to advise, confer, and evaluate plaintiff's needs; and (3) TIB failed to procure insurance that would cover any rented, borrowed, or temporary

6

substitute vehicles used for Alabassi's business. An ordinary person would neither understand how a reasonably prudent insurance broker would determine the proper policy for a client nor whether TIB's conduct was consistent with those practices. *See Hice*, 223 P.3d at 148–49. Consequently, the district court did not err when it decided that expert testimony was necessary to establish whether TIB failed to meet its duty of care in providing Alabassi with adequate insurance coverage.

In response, Alabassi appears to argue that expert testimony is never needed to prove that an insurer breached its duty of care because insurers have a duty to act with only "reasonable care" toward their insureds. This argument fails, however, because expert testimony is required as long as the applicable standard of care is "outside the common knowledge and experience of ordinary persons." *Magness*, 946 P.2d at 929. Thus, expert testimony still may be required even though courts have described an insurer's duty to insureds as a duty to exercise "reasonable care." *Quintana*, 827 P.2d at 519 (declaring that "reasonable care" may require specialized standards "for those practicing a profession involving specialized knowledge or skill.").

**B.**

The district court similarly did not err by concluding that expert testimony was necessary to prove Alabassi's claim that TIB failed to use reasonable care in preparing and submitting Alabassi's insurance application. Alabassi contends that expert testimony was not needed because submitting an application with inconsistent answers is an error that does not "require specialized skill or knowledge to

7

comprehend." Aplt. Br. at 38. This argument fails, however, because the coverage selection form at issue contains terms specific to the insurance industry that are outside the knowledge of ordinary persons. Consequently, specialized or technical knowledge is required to determine whether the form was actually submitted with inconsistent answers.

Determining whether the two options selected on Alabassi's coverage selection form were in fact inconsistent requires an understanding of Colorado law as well as the meaning of "single" and "split" limits in the insurance industry. Alabassi selected the minimum coverage required by Colorado law, but he also checked a box for $50,000 single limit coverage rather than the box for split limits coverage of $25,000 per person and $50,000 per accident. Colorado law requires minimum coverage of $25,000 for one person and $50,000 for two or more persons in any one accident. Colo. Rev. Stat. § 42-7-103(2). Because knowledge of terms specific to the insurance industry is needed to determine whether selecting the Colorado minimum conflicts with selecting a $50,000 single limit, the district court did not err by deciding that expert testimony was required.

Moreover, the district court's decision to require expert testimony does not conflict with the District of Colorado's dicta in *Golden Rule Insurance Corp. v. Greenfield*. 786 F. Supp. 914, 916 (D. Colo. 1992). In *Greenfield*, the court held that the plaintiff, who presented expert testimony, had provided sufficient evidence to establish that the insurer breached its duty. *Id.* The court went on to declare that "even without expert testimony, a reasonable jury could find that an insurance agent

8

who fills out an application, but then allows the applicant to submit it with inconsistent and incomplete answers, has breached his duty of reasonable care." *Id.* This proclamation does not contradict the district court's holding here, however, because the district court did not require expert testimony to establish whether submitting an insurance application with inconsistent answers would have been a breach of TIB's duty of care. Instead, expert testimony was required to determine whether the options selected in Alabassi's insurance application were inconsistent.

## C.

Finally, this case is distinguishable from the Colorado Supreme Court's decision in *American Family Mutual Insurance Co. v. Allen*, which held that expert testimony was not required to prove the plaintiffs' bad faith claim against their insurer. 102 P.3d at 345. In *Allen*, the court declared that a determination of what constituted a reasonable investigation or reason for denial of a claim did not "require special knowledge or training." *Id.* Unlike *Allen*, this case does not involve a determination of what constitutes a reasonable investigation or denial of a claim. Additionally, in *Allen*, a determination of whether the insurer acted in bad faith did not require an understanding of terms or practices specific to the insurance industry. For example, the insurer in *Allen* ended its investigation without exploring conflicting statements or talking with the plaintiffs, and its denial of coverage was based on non-existent sections of the policy and legal misstatements. *Id.* No specialized or technical knowledge was required to determine that the insurer failed to act in good faith under those circumstances. Conversely, in this case, Alabassi's

9

allegations that TIB was negligent were based on an understanding of terms and practices outside the common knowledge and experience of ordinary persons. Thus, the district court did not err by deciding that expert testimony was required.

**IV.**

The district court did not err by granting summary judgment for TIB on the ground that expert testimony was necessary to prove Alabassi's negligence claim. We therefore AFFIRM the district court's summary judgment in favor of TIB.

Entered for the Court


Allison H. Eid
Circuit Judge