24CA2026 Mayfield v DeLaCroix 02-12-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA2026
Boulder County District Court No. 22CV30463
Honorable Elizabeth Beebe Volz, Judge

Douglas Mayfield and Amanda Mayfield,

Plaintiffs-Appellants,

v.

Nancy DeLaCroix; MetLife Auto & Home Insurance Agency n/k/a Farmers General Insurance Agency, Inc., a Rhode Island corporation; American Strategic Insurance Corp. d/b/a Progressive Home, a Florida corporation; and Marshall & Swift/Boeckh, LLC, a Delaware corporation,

Defendants-Appellees.

---

JUDGMENT AFFIRMED

Division II
Opinion by JUDGE FOX
Kuhn and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 12, 2026

---

Howard O. Bernstein, P.C., Howard O. Bernstein, Shirin Chahal, Boulder, Colorado; The Baumberger Law Firm, LLC, Robert D. Baumberger, Pueblo, Colorado, for Plaintiffs-Appellants

Freeman Mathis & Gary, LLP, Robert J. Zavaglia, Jr., Chayla A. Witherspoon, Denver, Colorado, for Defendant-Appellee Nancy DeLaCroix

Gorden Rees Scully Mansukhani LLP, John R. Mann, Melissa A. Wiese, Andrew K. Lavin, Denver, Colorado, for Defendant-Appellee MetLife Auto & Home Insurance Agency n/k/a Farmers General Insurance Agency, Inc.

Womble Bond Dickinson (US) LLP, Holly C. White, Elizabeth Michaels, Frances Scioscia Staadt, Denver, Colorado, for Defendant-Appellee American Strategic Corp. d/b/a Progressive Home

Troutman Pepper Hamilton Sanders LLP, Justin D. Balser, Andrea M. Hicks, Irvine, California; Troutman Pepper Hamilton Sanders LLP, Timothy J. St. George, Richmond, Virginia, for Defendant-Appellee Marshall & Swift/Boeckh, LLC

¶ 1 This appeal stems from a dispute over an insurance policy plaintiffs, Douglas and Amanda Mayfield, owned when Colorado's Marshall Fire destroyed their home. The Mayfields appeal the district court's orders awarding summary judgment to defendants, Nancy DeLaCroix; MetLife Auto & Home Insurance Agency n/k/a Farmers General Insurance Agency, Inc. (MetLife); American Strategic Insurance Corp. d/b/a Progressive Home (Progressive); and Marshall & Swift/Boeckh, LLC (MSB). For the following reasons, we affirm.

## I. Background

¶ 2 The Mayfields owned a home in Louisville, Colorado. DeLaCroix, a licensed insurance agent, assisted the Mayfields in obtaining homeowners' insurance for this property from 2014 to 2019. In 2019, at the alleged recommendation of DeLaCroix, the Mayfields changed their home insurance provider from MetLife to Progressive. DeLaCroix represented that the Progressive policy offered comparable coverage and assured the Mayfields that she would add Progressive's "50% Extended Replacement-Cost Coverage" to protect them in the event of a total loss. DeLaCroix

procured the 2019 policy, and the Mayfields paid the premium to Progressive.  DeLaCroix retired soon after.

¶ 3        In 2020 and 2021, the Mayfields renewed their homeowners' insurance policy directly through Progressive.  The Mayfields twice asked a Progressive representative for a review of their policy but did not discuss the terms of the policy with anyone.  The policy at issue here, purchased in July 2021, included dwelling coverage up to $381,000 and other structure coverage up to $38,100. Progressive based the coverage amounts on an estimate generated by MSB's reconstruction cost estimate software.

¶ 4        The Mayfields filed a claim with Progressive after the Marshall Fire unfortunately destroyed their home on December 30, 2021. Pursuant to the terms of the 2021 policy, Progressive issued $419,100 to the Mayfields as insurance coverage for their home and other lost structures — an amount that purportedly does not fully cover rebuilding costs.  The Mayfields learned at this time that their policy did not include the "50% Extended Replacement-Cost Coverage" DeLaCroix agreed, two years earlier, to add.

¶ 5        Premised on this omission, the Mayfields sued DeLaCroix for negligence, negligent misrepresentation, and breach of fiduciary

duty; Progressive for negligence, vicarious liability, coverage by estoppel, and violations of the Colorado Consumer Protection Act (CCPA), § 6-1-101 to -116, C.R.S. 2025; MetLife for vicarious liability; and MSB for negligent misrepresentation. Defendants moved for summary judgment, and the district court granted each defendant's motion on all claims. We conclude that the district court did not err in its summary judgment awards.

## II. Standard of Review

¶ 6 "Summary judgment is appropriate when the pleadings and supporting documents establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Gibbons v. Ludlow*, 2013 CO 49, ¶ 11. We review de novo an order granting summary judgment, applying the same standard as the district court to determine "whether a genuine issue of material fact exists and whether the district court correctly applied the law." *City & County of Denver v. Monaghan Farms, Inc.*, 2023 COA 60, ¶ 20.

### III. MSB

#### A. Additional Background

¶ 7 MSB owns software that allows insurance providers to estimate the baseline reconstruction cost of a property. One such product, RCT Express, has roughly fifty different inputs that describe features of a home. The RCT Express user manually selects the inputs based on the unique characteristics of the home, and the software provides a rebuilding cost estimate. Because the estimate is based on the selected inputs, users are instructed to carefully confirm the characteristics of the subject home and choose appropriate inputs to arrive at an accurate estimate.

¶ 8 MSB licenses the RCT Express software to Progressive. However, as relevant here, Progressive agents customize only sixteen inputs during the quoting process. In May 2021, two months before the policy renewal period, Progressive used RCT Express to estimate the reconstruction cost of the Mayfields' home. The estimate — $381,000 — formed the basis of the policy at issue and the corresponding premium payment.

¶ 9 The Mayfields sued MSB for negligent misrepresentation, arguing that this estimate undervalued their property. The

complaint alleged that MSB knew or should have known about the possibility of undervaluation given its prior experience with wildfire claims. The district court granted MSB's motion for summary judgment, concluding that MSB did not owe a duty of care to the Mayfields and that reconstruction cost estimates are not representations of fact. The Mayfields maintain that the district court erred because MSB owed them a duty of care, which precluded summary judgment in its favor. We are not persuaded.

### B.     Applicable Law and Analysis

¶ 10     To establish a negligence claim, the plaintiffs must first show that the defendant owes them a duty of care. *Turman v. Castle Law Firm, LLC*, 129 P.3d 1103, 1105 (Colo. App. 2006). Whether the defendant owes this duty is a legal question determined by the court. *Id.* To assert negligent misrepresentation, "the plaintiff must demonstrate that the defendant supplied false information in a business transaction and failed to exercise reasonable care . . . in obtaining or communicating the information." *Bedard v. Martin,* 100 P.3d 584, 592 (Colo. App. 2004).

¶ 11     The Mayfields provide no record support for the proposition that MSB made a representation to them. On the contrary, the

record shows that MSB never directly communicated with the Mayfields. The Mayfields instead attempt to impute on MSB a duty to guarantee that its licensees fully utilize the capabilities of its software. By failing to discharge this duty, goes the argument, MSB misrepresented the cost to rebuild the Mayfields' home via Progressive's inadequate insurance quote. Because this attenuated misrepresentation theory finds no support in our case law, we affirm the district court's order. *See Barfield v. Hall Realty, Inc.*, 232 P.3d 286, 290 (Colo. App. 2010) ("Negligent misrepresentation occurs when one . . . 'supplies false information for the guidance of others . . . .'" (quoting *Mullen v. Allstate Ins. Co.*, 232 P.3d 168, 174 (Colo. App. 2009)); *see also Deines v. Atlas Energy Servs., LLC*, 2021 COA 24, ¶¶ 11-13 (explaining that a plaintiff cannot recover under a negligence theory unless the defendant caused the plaintiff's injury).

## IV. DeLaCroix

### A. Additional Background

In July 2019, during the annual insurance renewal period, the Mayfields discussed their homeowners' policy with DeLaCroix. Because MetLife would soon cease offering homeowners' insurance

6

in Colorado, DeLaCroix recommended that the Mayfields switch from MetLife to Progressive. DeLaCroix procured a quote from Progressive that purportedly matched the coverage offered by MetLife and stated that she would add a "50% Extended Replacement-Cost Coverage" to the Progressive policy. This extension would raise the coverage to $500,000 in the event of complete property loss.

¶ 13 Relying on these representations, the Mayfields obtained the Progressive policy on July 26, 2019. The policy, however, did *not* contain the "50% Extended Replacement-Cost Coverage," an omission the Mayfields failed to notice. DeLaCroix retired in early 2020, and the Mayfields continued renewing this policy — with the same terms — through a Progressive representative. Each year, Progressive provided the Mayfields with a copy of the policy, including a breakdown of their coverage. The Mayfields claim they read the entire policy but maintain that they did not learn they lacked the extended coverage until filing a claim in December 2021.

¶ 14 The Mayfields sued DeLaCroix, asserting that she negligently failed to secure the type of coverage they sought for their property, misrepresented the nature of the coverage provided, and breached

her duty as a fiduciary. The third claim rested on the Mayfields' assumption that DeLaCroix owed them enhanced duties because a "special relationship" formed over the years. DeLaCroix sought summary judgment on all three claims, which the district court granted.

¶ 15    The court concluded that DeLaCroix had no duty to advise or warn the Mayfields of the provisions in the 2021 policy, the Mayfields' reliance on DeLaCroix's statement regarding additional coverage was not justifiable because they received and reviewed a copy of the policy, and DeLaCroix had no fiduciary relationship or other special relationship with the Mayfields. We agree.

## B.    Applicable Law and Analysis

### 1.    Negligence

¶ 16    To succeed on a negligence claim, the plaintiff must show that the defendant owes a duty of care. *Vigil v. Franklin*, 103 P.3d 322, 325 (Colo. 2004). Breach, causation, and damages become relevant to the analysis only if the defendant has a legally cognizable duty. *Id.* "[W]hether a defendant owes a duty to a plaintiff is a question of law to be determined by the court." *Id.*

¶ 17    The Mayfields unsuccessfully attempt to merge DeLaCroix's procurement of the 2019 policy with their renewal of the 2021 policy.  While DeLaCroix may have had a duty regarding the 2019 policy, *see Apodaca v. Allstate Ins. Co.*, 232 P.3d 253, 259 (Colo. App. 2009) ("[W[hen an agent promises to obtain a specific type of insurance requested by the insured, the agent assumes a duty to act reasonably to procure the requested insurance . . . ."), *aff'd*, 255 P.3d 1099 (Colo. 2011), the 2019 policy was not in effect at the time of the 2021 Marshall Fire.  Rather, the Mayfields renewed their homeowners' policy through Progressive in July 2020 and July 2021, and they had the option to obtain additional coverage at either time.  After DeLaCroix retired in early 2020, she was not involved in the 2021 policy renewal.  Thus, she owed no duty to the Mayfields vis-a-vis the 2021 policy.  *See Gorab v. Equity Gen. Agents, Inc.*, 661 P.2d 1196, 1198 (Colo. App. 1983) (concluding that the insured was not entitled to recover on negligence claims brought against the agent when the agent was not a party to the insurance contract).

9

## 2. Negligent Misrepresentation

¶ 18    We apply and expand upon the legal principles outlined in *supra* Part III.B.  A negligent misrepresentation claim fails "if the insured has a copy of his or her policy and can see that the alleged oral misrepresentation contradicts the express terms of the policy." *Colo. Pool Sys., Inc. v. Scottsdale Ins. Co.*, 2012 COA 178, ¶ 58.

¶ 19    The Mayfields received a physical copy of their policy in 2019 when they switched from MetLife to Progressive, and again in 2020 and 2021.  When asked if he read the policy "cover to cover," Mr. Mayfield responded, "I did."  The policy stated the limits for dwelling coverage and other structures, and the Mayfields acknowledged that they never saw "50% Extended Replacement-Cost Coverage" in writing.  The Mayfields maintain that the policy is ambiguous, but our review of the document reveals that it contains the information necessary to ascertain the available coverage.  Because the Mayfields possessed and read a copy of the policy that contradicted DeLaCroix's oral statements, their claim for negligent misrepresentation must fail.  *See id.*; *see also Usick v. Am. Fam. Mut. Ins. Co.*, 131 P.3d 1195, 1201 (Colo. App. 2006) (the policyholder has a duty to read the entire policy); *Unigard Sec. Ins.*

10

*Co. v. Mission Ins. Co. Tr.*, 12 P.3d 296, 300 (Colo. App. 2000) ("An insured is charged with knowledge of the policy's terms and is therefore on notice that the scope of his, her, or its insurance coverage is governed by the terms of the policy . . . .").

### 3.    Special Relationship

¶ 20    The Colorado insurance agent licensing statute provides that "[e]very insurance producer who solicits or negotiates an application for insurance of any kind on behalf of an insurer shall be regarded as representing the insurer and not the insured." § 10-2-401(1), C.R.S. 2025. Insurance agents are not personal financial counselors, and "it is well settled that agents have no continuing duty to advise, guide, or direct a client to obtain additional coverage." *Kaercher v. Sater*, 155 P.3d 437, 441 (Colo. App. 2006). Agents do have a duty to act with reasonable care, but "absent a special relationship between the insured and the insurer's agent, that agent has no affirmative duty to advise or warn his or her customer of provisions contained in an insurance policy." *Id.* The formation of a special relationship turns on whether there is "entrustment," i.e., whether the agent assumes additional responsibilities beyond those of an ordinary agent. *Id.*

11

¶ 21    The Mayfields argue that insurance agents may assume additional duties that require the agent to exercise a heightened level of skill, care, and diligence that is appropriate under the circumstances for one in the insurance field.  They point to *Golden Rule Insurance Corp. v. Greenfield*, 786 F. Supp. 914, 916 (D. Colo. 1992), a federal case in which the court concluded that a client may come to rely on an insurance agent's special knowledge and experience when the agent assists the client in completing an insurance application.  In *Golden Rule*, the agent met with the client, and the two completed an application for health insurance together.  *Id.* at 915.  The agent there assumed an advisory role beyond that of an ordinary insurance agent, and this, in turn, gave rise to a special relationship.  *See id.*

¶ 22    We fail to see how this is analogous to the relationship between DeLaCroix and the Mayfields.  DeLaCroix procured an estimate from Progressive and offered policy recommendations — something a typical insurance agent might do.  While DeLaCroix served as the Mayfields' agent for several years and stated the 2019 policy would contain certain coverage, this *alone* does not give rise to a "special relationship" warranting a heightened standard of care.

12

*Kaercher*, 155 P.3d at 441. Because DeLaCroix did not act within a special relationship with the Mayfields, she cannot be held liable for breaching an enhanced duty she never assumed.

## V.     Progressive

### A.     Additional Background

¶ 23    The Mayfields' 2021 Progressive policy provided dwelling replacement cost coverage up to $381,000 and additional coverage for other structures, personal property, and loss of use. This was the minimum amount Progressive offered based on the RCT Express calculation. The policy specifically warned that "[t]he coverage amount listed on your attached declaration page is only an estimate of the replacement cost value of your insured property. It may not be sufficient to replace your property in the event of a total loss." Indeed, the Mayfields could have secured additional coverage in exchange for higher premiums. Consistent with the 2021 policy's terms, Progressive paid the Mayfields $419,100 for the loss of their home and other structures on the property.

¶ 24    In their complaint, the Mayfields alleged that Progressive was vicariously liable for DeLaCroix's failure to add the extended coverage, breached its duty to accurately estimate the cost of their

property, and violated the CCPA by using "ambiguous and misleading" language in the policy. The Mayfields also argued coverage by estoppel. The district court granted summary judgment to Progressive on all claims.

¶ 25 On appeal, the Mayfields challenge the court's vicarious liability, negligence, and CCPA findings. We do not address the negligence claim because the Mayfields, for the first time on appeal, argue that section 10-1-101, C.R.S. 2025, imposes a duty on insurance providers to guard against inadequate insurance rates. The district court did not decide the issue on these grounds, and we therefore decline to review it. *Frisco Lot 3 LLC v. Giberson Ltd. P'ship, LLLP*, 2024 COA 125, ¶ 92 ("In civil cases, we generally do not review issues that are insufficiently preserved."). We also do not reach the CCPA contention because the Mayfields fail to identify factual issues that precluded summary judgment and fail to include record citations to support their argument that Progressive violated the CCPA. *See* C.A.R. 28(a)(7); *see also Am. Fam. Mut. Ins. Co. v. Am. Nat'l Prop. & Cas. Co.*, 2015 COA 135, ¶ 42 (declining to consider conclusory allegations that lacked development). We otherwise affirm the summary judgment as to the vicarious liability

14

claim. We also grant Progressive's request for appellate costs but deny its request for attorney fees.

### B. Applicable Law and Analysis

#### 1. Vicarious Liability

¶ 26 Vicarious liability rests on the existence of an agency relationship to hold an employer liable for the torts of its employees when they are acting within the scope of their employment. *Semler v. Hellerstein*, 2016 COA 143, ¶ 47, *rev'd on other grounds sub nom.*, *Bewley v. Semler*, 2018 CO 79. To find the employer liable, the court must first find the employee liable. *Carbajal v. Wells Fargo Bank, N.A.*, 2020 COA 49, ¶ 27; *Ochoa v. Vered*, 212 P.3d 963, 966 (Colo. App. 2009). Because DeLaCroix was not a Progressive employee at the time of the 2021 policy renewal, she is not liable for claims relating to the 2021 policy. Therefore, the Mayfields' vicarious liability claim necessarily fails. *See Carbajal*, ¶ 27.

#### 2. Request for Appellate Costs and Fees

¶ 27 Progressive requests its "appellate costs and fees" under C.A.R. 39. Because we affirm the judgment in Progressive's favor, we agree Progressive is entitled to its appellate costs upon compliance with C.A.R. 39(c)(2). *See* C.A.R. 39(a)(2).

15

¶ 28    To the extent Progressive also requests its appellate attorney fees, we deny its request.  Other than citing C.A.R. 39 — which authorizes only an award of costs, not attorney fees — Progressive does not explain the basis for its fees request.  Accordingly, we deny its request.  *See In re Marriage of Newell*, 192 P.3d 529, 538 (Colo. App. 2008).

## VI.    MetLife

### A.    Additional Background

¶ 29    MetLife, an insurance agency with offices in Boulder, Colorado, employed DeLaCroix and underwrote the Mayfields' 2017 and 2018 policies.  In July 2019, DeLaCroix informed the Mayfields that MetLife doubled its premium rates and would soon stop issuing homeowner policies.  DeLaCroix then procured a Progressive estimate for the Mayfields.

¶ 30    The Mayfields asserted vicarious liability against MetLife, seeking to hold it responsible, under the 2021 policy, for DeLaCroix's alleged acts and omissions relating to the 2019 policy. The district court found that the claim failed for lack of causation and granted summary judgment in MetLife's favor.  We affirm.

16

### B.    Applicable Law and Analysis

¶ 31    We apply the same legal principles outlined in *supra* Part V.B.1.  The Mayfields' claim fails because MetLife cannot be held vicariously liable for an agent who was not at fault.  *See Carbajal,* ¶ 27; *Semler,* ¶ 48; *Ochoa,* 212 P.3d at 966.  DeLaCroix did not secure the Mayfields' 2021 insurance policy, nor did MetLife employ her when the operative policy was in effect.  Because the Mayfields' claim fails as a matter of law, the district court did not err in granting MetLife's summary judgment motion.

### VII.    Disposition

¶ 32    The summary judgments in favor of each defendant are affirmed.

JUDGE KUHN and JUDGE SULLIVAN concur.